**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4343**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

JOHNELL MARVIN LAMKIN, a/k/a Johnell Marvin Lampkin,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00015-WO-1)

Submitted:  December 18, 2018             Decided:  December 20, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnell Marvin Lamkin appeals the district court's judgment revoking his supervised release and sentencing him to 21 months' imprisonment and 60 months' supervised release. Lamkin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the procedural and substantive reasonableness of Lamkin's sentence, specifically, whether the district court considered the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explained Lamkin's sentence. Lamkin was advised of his right to file a pro se supplemental brief, but he has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is plainly unreasonable if it "run[s] afoul of clearly settled law." *Id.* at 548.

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted). Applying

2

these standards, we conclude that Lamkin's sentence is not unreasonable, much less plainly so.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Lamkin, in writing, of the right to petition the Supreme Court of the United States for further review. If Lamkin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lamkin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*